DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LAWRENCE JOSSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA and ) | Civil Action No. 2011-013 |
| VIRGIN ISLANDS PORT AUTHORITY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For the United States*

**Jennifer Quildon Miller, Esq.,**
Miami, Fl.
  *For the Virgin Islands Port Authority*

## MEMORANDUM OPINION

**Lewis, District Judge**

  THIS MATTER is before the Court on the Motion to Dismiss filed by Defendant Virgin Islands Port Authority ("VIPA") pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 34); Plaintiff's Opposition to the Motion (Dkt. No. 37); and VIPA's Reply (Dkt. No. 39). For the reasons that follow, the Court will deny VIPA's Motion.

I.     BACKGROUND

A.     **Procedural History**

By Complaint filed on February 15, 2011, Plaintiff Lawrence Josse initiated the instant action against the United States of America alleging that he sustained personal injuries after tripping and falling on a doormat while entering the United States Customs and Border Protection Office located in Gallows Bay, St. Croix, United States Virgin Islands on March 23, 2010. (Dkt. No. 1). The United States filed an Answer on May 25, 2011. (Dkt. No. 5). Pursuant to the parties' stipulation (Dkt. No. 12), which was approved by the Court (Dkt. No. 14), Plaintiff filed a First Amended Complaint on July 6, 2011, adding VIPA as a defendant (Dkt. No. 12-1).

On August 4, 2011, VIPA filed a Motion to Dismiss contending that Plaintiff may not pursue a claim under the Federal Tort Claims Act ("FTCA") against VIPA. (Dkt. No. 18). Pursuant to a Motion for Leave to File a Second Amended Complaint (Dkt. No. 31), which was granted by the Court (Dkt. No. 32), Plaintiff then filed a Second Amended Complaint replacing his FTCA claim against VIPA with a negligence claim under Virgin Islands law (Dkt. No. 33).[1]

VIPA filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 7, 2011, asserting that the Second Amended Complaint fails to state a plausible negligence claim against VIPA. (Dkt. No. 34). Plaintiff filed his Opposition to the Motion on October 21, 2011 (Dkt. No. 37), and VIPA filed its Reply on November 4, 2011 (Dkt. No. 39). On the same day, VIPA also filed a Motion to Stay Discovery pending the Court's resolution of the Motion to Dismiss. (Dkt. No. 40). On February 29, 2012, the Magistrate Judge granted the Motion to Stay. (Dkt. No. 51).

---

[1] In view of Plaintiff's filing of the Second Amended Complaint, the Court will deny as moot VIPA's Motion to Dismiss the First Amended Complaint. (Dkt. No. 18).

B.   Factual Background

In view of the legal standard governing consideration of Rule 12(b)(6) motions, *see infra*, Part II, the following facts are accepted as true.

On March 23, 2010, Plaintiff went to the United States Customs and Border Protection Office ("Customs Office") in St. Croix, United States Virgin Islands to conduct business. (Dkt. No. 33 at ¶¶ 2; 6). The United States, through the Department of Homeland Security, operates the Customs Office, and VIPA operates Gallows Bay Dock, where the office is located. (*Id.* at ¶¶ 2-3). The United States and VIPA exercise joint control over the entrance to the Customs Office. (*Id.* at ¶ 7).

As Plaintiff was entering the Customs Office, "he tripped and fell on a doormat." (*Id.* at ¶ 6). "The doormat was old and worn -- its edges were frayed and curled up." (*Id.*). Plaintiff "hit his head on the door as he fell and briefly lost consciousness." (*Id.*). As a result of the fall, Plaintiff also "injured his back, head, ribs, shoulder, elbow and hand, was prevented from transacting business, suffered physical pain and mental distress, and incurred medical expenses[.]" (*Id.* at ¶¶ 11; 15).

## II.   APPLICABLE LEGAL PRINCIPLES

Following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Third Circuit described the analysis to be undertaken when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

### III.     DISCUSSION

In its Motion to Dismiss, VIPA characterizes Plaintiff's allegations as threadbare and conclusory, and contends that the Court should dismiss Plaintiff's negligence claim for inadequate factual support. Construing the Second Amended Complaint in the light most favorable to Plaintiff, however, the Court concludes that Plaintiff has stated a plausible negligence claim against VIPA.

To state a claim for negligence under Virgin Islands law, a plaintiff must allege: (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Torchin v. Blue Shore Grill, LLC*, No. 2011-115, 2012 U.S. Dist. LEXIS 123491, *7-8 (D.V.I. Aug. 30, 2012) (citing *Matos v.*

*Nextran, Inc.*, 52 V.I. 676 (2009), and RESTATEMENT (SECOND) OF TORTS § 281 (1965)); *Velazquez v. Am. Airlines*, No. 2010/90, 2011 U.S. Dist. LEXIS 92755, *4 (D.V.I. Aug. 18, 2011) (citing same). For a complaint to survive a motion to dismiss, a plaintiff must "offer enough facts to state a claim for relief that is plausible on its face," and the Court must consider "whether the complaint 'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Torchin*, 2012 U.S. Dist. LEXIS 123491 at *4 (quoting *Twombly*, 550 U.S. at 562, 570). The Second Amended Complaint satisfies these requirements.

With respect to the first element of a negligence claim—duty—Plaintiff avers that VIPA: (1) operates the Gallows Bay Dock, where the Customs Office is located; (2) exercises joint control over the entrance to the Customs Office with the United States; and (3) owes to invitees of the Customs Office a duty to keep the premises in a safe condition. (Dkt. No. 33 at ¶¶ 3; 7; 13). As to the second element, Plaintiff asserts that VIPA breached this duty by failing to replace the worn doormat (with frayed and curled edges) which is located at the entrance to the Customs Office, or to warn Plaintiff about the potential hazard presented by the doormat before Plaintiff tripped on it and fell. (*Id.* at ¶¶ 6; 14).[2] Considering the third element, Plaintiff contends that

---

[2] VIPA asserts that these allegations are insufficient to establish duty or breach. (Dkt. No. 34 at 5). VIPA likens this case to *Velazquez*, where this Court found the following single allegation concerning a defendant's responsibility for a malfunctioning escalator insufficient: "the defendants herein are responsible for the malfunctioning escalator." *Id.*, 2011 U.S. Dist. LEXIS 92755 at *4. Here, and unlike *Velazquez*, Plaintiff has buttressed its allegation that VIPA had a duty to maintain its premises in a safe condition with factual allegations that VIPA operates the Gallows Bay Dock where the Customs Office is located, and jointly controls the entrance with the United States. (Dkt. No. 33 at ¶¶ 3; 6). Whether VIPA had such a duty and did, in fact, breach it are ultimately questions to be resolved later in this matter. However, at this stage, Plaintiff has sufficiently alleged these elements of his negligence claim to withstand dismissal.

VIPA's failure to warn him about, or to remove, the frayed and curled doormat caused the accident at issue because "he tripped and fell on [the] doormat." (*Id.* at ¶ 6).[3] Turning to the final element of a negligence claim, Plaintiff also details the harm which resulted from his fall. Specifically, Plaintiff contends, *inter alia*, that he hit his head on the door, briefly lost consciousness, sustained additional bodily injuries, incurred medical expenses, and suffered pain and mental distress. (*Id.* at ¶¶ 6; 11; 15).

Despite VIPA's contrary characterizations, the Court concludes that Plaintiff's Second Amended Complaint does not consist of threadbare recitals of the elements of a negligence claim insufficiently supported by legal conclusions and conclusory statements. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) (noting that "[a]t the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.") (citations omitted). Instead, the Court finds that Plaintiff has sufficiently alleged the facts which support each element of his negligence claim in this personal injury action.

In short, the factual allegations detailed above are sufficient to "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true[.]"

---

[3] VIPA argues that "[b]ased on the [Second Amended Complaint] as drafted it does not appear that the 'frayed,' 'old' or 'curled up' condition of the doormat **caused** Plaintiff to trip." (Dkt. No. 34 at 3) (emphasis in original). While VIPA is correct that the Second Amended Complaint does not expressly state that Plaintiff tripped on the frayed or curled portions of the doormat, that is a reasonable inference which can be drawn from Plaintiff's averments that he "he tripped and fell on a doormat," which was "old and worn" with edges that were "frayed and curled up." (Dkt. No. 33 at ¶ 6). Such "inferential allegations" may be used to establish the essential elements of a plaintiff's claim. *See Torchin*, 2012 U.S. Dist. LEXIS 123491 at *4.

*Torchin*, 2012 U.S. Dist. LEXIS 123491 at *4-5 (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)). Thus, the Court will deny VIPA's Motion to Dismiss.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has stated a plausible negligence claim against VIPA. Accordingly, VIPA's Motion to Dismiss (Dkt. No. 34) is denied. The stay on discovery which was imposed pending the resolution of this Motion is hereby lifted. An appropriate Order accompanies this Memorandum Opinion.

Date: January 11, 2013                    _____/s/_____
                                          WILMA A. LEWIS
                                          District Judge